IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WRICKEY L. MOSLEY,

    Plaintiff,

 v.

DEPT. OF ADMINISTRATIVE SERVICES;
GUY HALL; G. LANEY; J. BURCHETT;
C/O McDONOUGH; C/O ALLEN;
C/O PLUM; J. CAPPS; G. LYTLE;
and D. WETTLAUER,

    Defendants.

Civil No. 06-874-AS

ORDER

HAGGERTY, Judge.

  Plaintiff, an inmate at the Two Rivers Correctional Institution ("TRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the court is Plaintiff's Motion For a Temporary Restraining Order and a Preliminary Injunction (#20). For the reasons that follow, Plaintiff's Motion is DENIED.

1 - ORDER -

## BACKGROUND

On March 26, 2005, Plaintiff was escorted by Defendants McDonough and Allen from a shower to his cell in the Disciplinary Segregation Unit ("DSU") at TRCI. Plaintiff was restrained with handcuffs behind his back. After entering his cell, Plaintiff turned his back and extended both hands through a tray slot so the restraints could be removed.

At this point, the parties' descriptions of what occurred differ. Plaintiff alleges Defendant McDonough, without provocation, grabbed Plaintiff's left wrist and violently twisted it to remove the handcuffs, causing strain to Plaintiff's fingers, wrist, arm, and shoulder, and resulting in a bloody gash on Plaintiff's hand.

Defendants, however, contend that upon being asked to present his hands, Plaintiff tensed his arms and clenched his fists, making it difficult to remove the restraints. Plaintiff rapidly pulled away when the left restraint was removed, scratching his hand in the process. Defendants present evidence that Plaintiff suffered a superficial cut on the back of the hand.

Immediately following the restraint incident, Plaintiff was examined by a TRCI Nurse. On numerous occasions thereafter, Plaintiff complained of persistent shoulder pain, and requested physical therapy to alleviate the pain. Over the course of several months, physicians and health care workers examined

2 - ORDER -

Plaintiff numerous times, and engaged in diagnostic measures including four sets of x-rays, in order to determine the cause and treatment of Plaintiff's symptoms. The x-rays showed no bone fractures or other bone-related concerns. The doctors initially diagnosed Plaintiff with a shoulder strain, and later with degenerative joint disease, and prescribed anti-inflammatory medication, rest, and hot-packs. As of August 26, 2006, Plaintiff was noted as having full left shoulder range of motion.

Plaintiff argues Defendants have been and continue to be deliberately indifferent to his serious medical needs by their ongoing refusal to provide physical therapy. In his motion, Plaintiff seeks an order requiring Defendants to immediately provide a medically appropriate course of physical therapy designed to restore and maintain the full function of his left shoulder, elbow, hand, fingers, and neck.

### LEGAL STANDARDS[1]

A preliminary injunction is appropriate if the plaintiff demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) the existence of serious questions going to the merits and the balance

---

[1] Because Defendants were granted an opportunity to present their opposition, Plaintiff's application for a temporary restraining order is treated as one for preliminary injunction, and addressed as such herein. VanLeeuwen v. Farm Credit Admin., 577 F. Supp. 264, 278 (D. Or. 1983).

3 - ORDER -

of hardship tips sharply in the plaintiff's favor.  <u>Sony Computer Entertainment Am., Inc. v. Bleem, LLC</u>, 214 F.3d 1022, 1025 (9th Cir. 2000); <u>Prudential Real Estate Affiliates v. PPR Realty, Inc.</u>, 204 F.3d 867, 874 (9th Cir. 2000).  Requests for mandatory injunctions, seeking relief beyond the status quo, are disfavored and will not be granted unless the facts and law clearly favor the moving party.  <u>Stanley v. Univ. of S. Cal.</u>, 13 F.3d 1313, 1919-20 (9th Cir. 1994).

## DISCUSSION

Plaintiff alleges Defendants have deliberately failed to provide adequate medical care for his seriously injured shoulder, and seeks an order requiring them to provide physical therapy. A claim of an Eighth Amendment violation as a result of a medical condition requires an inmate to show a deliberate indifference to a serious medical need.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976).  A serious medical need exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain.  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds by WMX Tech., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994).

4 - ORDER -

Plaintiff has not demonstrated he is likely to prevail on his Eighth Amendment claim against Defendants. Other than his own assertions, he puts forth no evidence that his shoulder injury is sufficiently serious to require the physical therapy demanded. Moreover, Plaintiff fails to demonstrate deliberate indifference. At most, Plaintiff has established only a disagreement with the treatment plan provided, which does not form the basis of an Eighth Amendment violation. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989). As such, Plaintiff is not entitled to preliminary injunctive relief.

## **CONCLUSION**

For these reasons, Plaintiff's Motion For a Temporary Restraining Order and a Preliminary Injunction (#20) is DENIED.

IT IS SO ORDERED.

DATED this  5th  day of January, 2007.

                                /s/ Ancer L. Haggerty
                                Ancer L. Haggerty
                                United States District Judge